Mr. Fogg will be introducing counsel in this case. Good morning, Your Honors. Keith Fogg here on behalf of Semyya Cunningham and I'm here to introduce my student Amy Feinberg who will make the argument. Thank you. Thank you very much. We're pleased to have you. Thank you. I'm Amy Feinberg and with permission of the court I'd like to reserve four minutes for rebuttal. Thank you. And may it please the court. I'm here on behalf of Ms. Cunningham. The question in this case is whether a taxpayer who files a single day late because she reasonably relied on a misleading letter from the IRS is for that reason alone jurisdictionally barred from petitioning the tax court in her collection due process case. Ms. Cunningham is a nurse examiner in Northern Virginia and a single mother of four children. She's also one of no fewer than eight people who in recent years has relied on language in an IRS notice of termination to her detriment. Can I ask you about that? So eight is a number but it really doesn't help me at all without any context as to how many folks did comply with the statute. So what does that mean? Your Honor, there are roughly 1,700 petitions collection due process hearings each year. Many of them are dismissed for various reasons including late filing and 68% of taxpayers before the tax court are pro se. Okay, so how is the fact that eight out of those, well eight over how many years? What are we talking about? Eight in a year? We're talking about eight taxpayers over approximately two years and what we know is that these are the taxpayers who both filed one day late and thought they filed on time and then when the tax court dismissed their case for being untimely said I thought I filed on time because I complied with the language of this letter that the IRS sent me. 1,700 times 2 is 3,400 so eight taxpayers out of 3,400 were misled. I mean how does that make your case? The number just doesn't strike me as all that relevant. Your Honor, what we're arguing is that this is not an instance where only Ms. Cunningham has misunderstood the language of this letter. This letter has actively misled many people including at least one lawyer. Let's talk about the letter. What is it about the letter that's misleading? Your Honor, the language of the letter is that the period begins a 30-day period beginning the day after the date of this letter. The language of section 6330 D1 which controls your right to petition the tax court says within 30 days of a determination under this section. Within 30 days of a determination is closed ended language such that if you misunderstood the statute or the rules of the tax court and began counting you would think that within 30 days begins on the day of the determination and you would accidentally file on the 29th day thinking it was the 30th. On the other hand, the language a 30-day period beginning the day after the date of this letter causes pro se taxpayers like Ms. Cunningham to begin on the day after the date of the letter which they're supposed to but most people think that time begins at zero like a stopwatch. It runs up. I'm sorry, most people. What's the evidence for that? The evidence is that we Well, the argument that we're making is that a pro se taxpayer is likely to count time differently than a lawyer does. The statute has to be read based on what the statute says not what a pro se taxpayer cannot claim ignorance of the law if the issue is jurisdiction of the court. It may come into play in terms of equitable tolling but not in terms of the jurisdiction of the court. Really what the pro se taxpayer thought is irrelevant, isn't it, in terms of the jurisdiction of the court under the statute? Yes, Your Honor, in terms of the jurisdiction of the statute. The question about the eight taxpayers I believe goes to the equitable tolling question. With your permission, I'd like to discuss the jurisdictional issue and then come back to equitable tolling. You don't even get to equitable tolling, do you? That's correct. I mean, unless there's jurisdiction. The jurisdictional question. If there's no conclusion that the late filing stripted of jurisdiction, we believe was erroneous and should be reversed. The only rule that's applicable to the jurisdictional question in this case is that a statute of limitations is not jurisdictional unless there is a clear statement by Congress that it is. This is the simple test in Arbaugh v. Y&H Corporation. In this case, Congress has not made such a statement. Now section 6330. D. 1 is a single statutory provision that has two and there's a time limit. And although the parenthetical in the statute is clearly a grant of subject matter jurisdiction, it does not follow that the time limit is itself jurisdictional. And we have three arguments for this. And let me ask you though, why it doesn't suggest that it's jurisdictional when read in context with subsection E? Your Honor. Because that subsection clearly says the tax court shall have no jurisdiction under this paragraph to enjoin any action unless a timely appeal has been filed. So timely appeal is apparently very closely tied in the statutory language to the issue of jurisdiction. So how do we then get beyond when you read D and E together? D. 1 and E. Your Honor, I have two responses. When you read the two together, first, this proves a point about conditional statements that we make in the brief. Which is that Congress knows how to make a sentence and a statute conditional when it wants to. And we see that that's what it did in section 6330. E. Second is that the phrase timely appeal is question-begging. There are other sections in the tax code, such as those that apply to timely mailing as timely filing or being a soldier in a combat zone, which are universally applicable exceptions to any limitation period in Title 26. Which means that you may file late within the statutory period under the claims processing rule and still have timely filed your application. Additionally, grammatically, with respect to such matter, does not modify the time period while 6330 E is phrased differently. There's ambiguity about the meaning of the sentence. Within 30 days of a determination under this sentence is an appositive clause that modifies what the person may do. And the tax court shall have jurisdiction with respect to such matter, modifies that subject. It does not additionally modify the appositive clause. Where ambiguity remains, the clear statement rule suggests that there's a strong presumption that this is not a jurisdictional clause and instead is a mandatory claims processing rule. I suppose, Congress, if in fact that E1 is a jurisdictional clause, could just as easily have included that same language in the provision that's at issue here, the fact that they didn't suggest that perhaps it's not jurisdictional. Yes, Your Honor. Also, even where one part of a sentence is jurisdictional, the other part does not necessarily have to be, which is what the court said in Auburn. And the word jurisdictional in one part of the sentence doesn't necessarily spill over, which is what the Ninth Circuit has held in FDCPA cases such as Mangum. Now, in Auburn, the Supreme Court said that even if a limit and a grant of subject matter jurisdiction are both within a single statutory provision or even a single sentence, the time limit is often non-jurisdictional. What about the government's argument that we're dealing with a tax code, which it claims is a unique animal in our law and that any should be construed against the taxpayer? Your Honor, tax exceptionality seems to have fallen out of favor. And although there are decisions like Brockamp, which were about the tax code that found something was not necessarily jurisdictional but also not subject to equitable tolling, the court in a case like Brockamp was concerned with a hundred million refund claims a year as opposed to 25,000 collection due process hearings a year. So the fact that the tax code may in that case have been different does not mean that we should treat taxes different broadly, especially because nothing about the trend in recent Supreme Court case law suggests that that's how we should be reading these cases. In fact, instead, the Supreme Court has said that the mere presence of a deadline in a statute is not sufficient and did not carve exceptions for subject matter. But look for a minute back to subsection E. What it says is the tax court shall have no jurisdiction to enjoin any action or proceeding if the appeal had not been timely. And you see what I'm saying? I'm not sure I understood the last part. What I'm saying is that the jurisdiction of the tax court to issue or to use its injunctive powers would depend on whether a timely appeal had been filed. So people would be treated differently under your theory of the case depending on whether their appeal was timely. The tax court could do certain things when a timely appeal was filed and could do only other things if the timely appeal was not filed. Isn't that true that your your argument necessarily leads to the treatment of people differently with regard to the injunctive powers of the tax court depending on whether the Why isn't that a serious defect in your argument? Because Congress surely didn't intend for people to be treated differently with regard to the jurisdiction to issue injunctions based on whether their appeal was timely. First is because it's an equitable provision and so it could be that you can equitably toll, which thus means that the appeal that may have been technically late filed was timely filed and so the appeal is still timely which means you could still have injunctive powers. Even if you didn't think that were true... That would fly in the face of the language of the D1. Yeah you're better off under the law if you don't file a timely appeal under your theory of the case because the tax court would be stripped of jurisdiction to issue any injunctions because there had been no timely appeal but yet the appeal would be allowed under your theory of the case because the statute is ambiguous under D1. Isn't that correct? Your Honor, the injunction would limit the actions that the government could take so the tax payer would not be worse off but the government might be. And so the untimely filer would receive greater protections under the law would be free from the injunctive powers of the court under your analysis necessarily would it not? Your Honor, I believe the opposite is true that the timely filer would be more protected by the injunctive powers of the court which would not be available. What is the basis for having a timely filer be subject to different requirements than an untimely filer regarding the injunctive powers of the court? That doesn't seem to make any sense to me. Your Honor... What's the rationale? Because you've got to have a rationale that explains that in order for your argument to fly. Your Honor, our rationale is primarily that Congress meant what it said and that in addition to that the way that the statute is read... So Congress meant the tax court will have greater injunctive powers when a timely appeal has not been filed. It will lack any... excuse me... when a timely appeal has been filed. In other words, the tax court's jurisdiction to issue injunctive orders or issue injunctions is dependent on whether a timely appeal has been Your Honor, the tax court's jurisdiction to issue an injunctive order may be based on whether a timely appeal has been filed, but the phrase timely appeal opens questions about what counts as an appeal which was timely. And we see that Congress did write section 6330E differently than it wrote section 6330D1, which means that even though they could have chosen to make both of those powers equivalent, they did not. The jurisdictional power is phrased in Congress has to do something that eliminates the ambiguity about 6330D1 in order to decide there was a clear statement. Okay, if you could help me, and I'm still struggling with this a little bit. You know the subject a lot better than I do. So if I have not filed a timely appeal, okay? Yes. What are the Your Honor, I don't have the language at E1 in front of me, but I believe that E1 reads such that the tax court does not have injunctive authority if you do not file an appeal that has been deemed timely. Right, so your act of not filing a timely appeal strips the tax court of jurisdiction to issue injunctions under your theory of the case. Yes. So the litigant controls the court's jurisdiction to exercise its injunctive authority. A litigant who does not file an appeal which could be deemed timely, such as through equitable tolling or under one of those provisions, loses the ability to have an injunction issued against the other side. So does that mean that the government can go ahead and I mean I would have thought that the tax court needs this injunctive authority to keep this dispute live. I guess I'm sort of asking the same question as Judge Keenan. What sense does it make to say, look, you can go ahead and file your challenge to the government taking your money, but P.S., because it was late, we're gonna let the government take your money before we decide the case. That seems very odd. Your Honor, during the case, the government would not be able to issue a injunction. The government has the ability to enjoin their ability to take your house or to levy other property after the case has ended, which they would not have the right to do, but they could compel other remedies. For example, when Ms. Cunningham requested her collection due process hearing, she was attempting to negotiate a payment plan. So the IRS had requested almost $700 a month, and she said, I can't pay that. Let's talk about it. Her collection due process petition to the tax court would have allowed a renegotiation of those process. So under E1, the person who does not file a timely appeal has a more, a broader array of injunctive relief available to them than someone who has filed a timely appeal. No, Your Honor, the opposite is true. Because under E1, the injunctive relief is available to the timely taxpayer, not to the untimely filer, even if that person has jurisdiction in the tax court. And the 6330 D1's time limit is simply a claims processing rule, and then determine the equitable tolling issues. At a minimum, you should hold that the statute is non-jurisdictional, and then remand the case to the tax court for a decision on whether Ms. Cunningham was diligent in her filing. Your questions about 6330 E more seem to be focused on whether or not the taxpayer was diligent, such that their appeal could be deemed timely, than whether or not 6330 D1 itself ought to be jurisdictional. And maybe I've been flipping these around enough as I've been talking about, and I apologize, but it just seems to me that your argument requires us to accept the fact that the court's jurisdiction under E to issue injunctive relief depends on whether there's been a timely filing. Your Honor, I see that my time has elapsed. May I answer the question? Yeah. Our argument doesn't require that, although it does allow a reading which does that, because you could hold that equitably tolling means that the appeal was a timely appeal. Can I ask just a follow-up or slightly different question? In your earlier answer, you suggested that a remand would be appropriate to assess the merits of any equitable tolling argument, but what else, I mean, what other information would this court or the tax court have to consider in order to make that determination? I understood your argument to be purely a question of the language of the letter having misled your client and others similarly situated. So why would that issue need to be remanded to the tax court? Your Honor, we certainly believe that you can decide that issue if you reach it in this case. However, if you believe that you need additional information about whether or not Ms. Cunningham was diligent during her 30-day period. I don't know, I mean, I guess this is your client. Are you suggesting that there is additional information that might help her case? Your Honor, Ms. Cunningham had no opportunity to plead to her diligence at the tax court because her case was done with on a motion to dismiss. However, she did timely file, or she attempted to timely file, and the language of the letter was misleading, and that's our predominant argument, and we believe that that is sufficient to allow equitable tolling, particularly since the Irwin case demonstrates that there is a presumption that equitable tolling is allowed, and the only question is whether equitable tolling is also appropriate. Okay, thank you. Thank you. Ms. Bradley? Good morning. May it please the Court, my name is Janet Bradley, and I'm with the Justice Department, and I represent the Commissioner, the appellee, in this appeal. The appellant's argument is somewhat circular, as Judge Keenan and Harris were pointing out today. The threshold question is whether or not 6330 D1 is jurisdictional or not. If it is jurisdictional, we don't even need to address the equitable tolling argument. Appellant has conceded in their reply brief that... Can I just ask one quick question just about the structure of your argument, the circularity point. Is it also the case that if we thought there's really no case here for equitable tolling, we don't have to reach the jurisdictional issue? No, as a threshold matter, the Court needs to address whether or not the provision is jurisdictional. What's your authority for that? My authority for 6330 D1 being jurisdictional, number one, is you look... I'm not suggesting, I don't want you to get into the merits, I want you to address Judge Harris's question as to why we couldn't invert the order of the analysis and decide whether or not assuming the statute is not jurisdictional, equitable tolling does not or does apply. Why can't we do that? But I believe the Supreme Court has held that the Court must address with a federal statute of limitations whether or not it is jurisdictional. Here, not only has the tax... I'm sorry, I really am there's no question of our appellate jurisdiction. This isn't one of those cases, right, where we always have to start by asking whether we have jurisdiction to hear this case. We do have jurisdiction to hear the case, so why couldn't we just, if we thought that the case could be decided, and I'm not saying we do, but if we thought it could be decided on the narrow ground that there's just no case here for equitable tolling, why would we also have to address the other question as to whether or not this time provision is jurisdictional? I don't understand that. Non-jurisdictional federal statutes of limitations are subject to the rebuttable presumption in favor of equitable tolling, but it says non-jurisdictional, so it's the government's position that as a threshold matter we have to determine if it's jurisdictional. The tax court in the Goralnik case that was decided considered the appellant's argument. It was made by the same counsel as to whether or not the statute was jurisdictional, and the tax court examining the recent Supreme Court case law determined that the text of the statute was clear. The time limit is in the same sentence with the word have jurisdiction. Appellants have conceded that at least the parenthetical information is a jurisdictional grant to the tax court in CDP cases, and this morning as we've heard, they also concede that E1, which gives the tax court power to issue injunctions in CDP cases, is dependent on a timely appeal, and a specifically references in subsection E goes back to referencing subsection D1, which has the 30-day limitations. Also here, the context of 6330 D1, again we have the E1 provision which this morning was conceded is jurisdictional. It would have all sorts of anomalous results that if a timely petition is filed, the tax court can enjoin, but if a timely petition isn't filed, the tax court would have no jurisdiction to review the Commissioner's notice of determination. I think those positions are just at odd with one another, and as Judge Keenan, it goes around in a circle. Since E specifically refers to D1, where it has the 30-day limitation, and it's in the same sentence, and given it is in a tax context, the tax context is a little different than when you have Veterans Affairs or Medicare, which are typically very sympathetic to the plaintiffs in the situation. Here with the tax revenue, the Commissioner is charged with collecting revenue. Here the taxpayers are given their CDP rights, here which the appellant did invoke. She timely filed a petition. She had a collection due process hearing with a settlement officer. Here there was no dispute that she owed the tax. She filed returns, self-reporting amounts due. She apparently just wanted some sort of an installment agreement, wasn't really clear what she was looking at. The Commissioner said, we could do an installment agreement. I think it was $679 per month, but that it would need to be a direct debit, because you can imagine all sorts of problems where taxpayers don't send in checks or whatnot. This is the way that the Commissioner can make sure that the tax has an alternative method of being collected. Here she didn't respond, and the Commissioner issued the Notice of Determination, sustaining the collection of her tax by levy. May I ask just a question about the sort of the special status of the tax code? Does that go to the question, is it your position that that affects how we think of this sort of threshold jurisdictional question, or does it go only to this question of whether, assuming it's not jurisdictional, it's subject to equitable tolling? Both. You think it goes to both, that even in considering the threshold question, is this a jurisdictional limit or not, we should, it sort of pushes against the presumption that the Supreme Court has announced, that the presumption is it's not jurisdictional. Right, because again in looking at the context in the established judicial case law at that time, the Supreme Court, as appellant referenced, there were three cases we cited, Lundy, Dahm, and Brokamp, all of which were in the tax arena, and against that context, Congress enacted the CDP statute. I thought the Supreme Court rejected that argument in a recent case, and I can't remember the name, but didn't the Supreme Court reject basically that argument that we sort of, because this statute was enacted before the Supreme Court articulated this presumption, that these things aren't jurisdictional, we should understand it have a different meaning? No, no, I understand that in 2004, the Supreme Court and some of those cases tried to do their best to do a closer and more thorough and exacting examination of jurisdiction versus claim processing. Here, admittedly, the statute 6330 D1 was enacted in 98, but post-2004, this statute again was looked at by Congress in 2015, and they made certain amendments which really aren't relevant here, but at the time Congress made those amendments, and I think there were also amendments in 2006, Congress presumably knew what the judicial interpretations of that provision were. Right, but isn't Ms. Feinberg's point that you've got an ambiguous statute? She doesn't really care about all the song and dance that went on in the background with Congress. She's saying the words on their face are not clear. Well, the government would disagree, and again, we cite the Guralnick case where it was a unanimous panel of the tax court looking at the statute, and by the same token, although not in the 6330 D1 context, we also rely on our brief on the Seventh Circuit, which examined 6213A, which provides the tax court with jurisdiction over petitions for redetermination, and there, the Seventh Circuit, considering same Supreme Court case law, basically the same analysis of that statute, decided that the tax court's determination that the statutory grants of jurisdiction to the tax court was jurisdictional, and also given that the tax court has historically, and all the courts of appeals had historically, determined that 6330 D1 is jurisdictional, gave that some weight, and if you look at 6213A, to the extent appellants is making the point that the sentence isn't clear, that the time and jurisdiction are connected, 6213, it's three sentences apart, so 6213A talks about jurisdiction, and then three sentences later, it says within a 90-day period, so they're not in the same sentence, they're three sentences apart, and the Seventh Circuit found that in those circumstances, that it was clear. What about the fact that the language regarding jurisdiction in D1 is in parentheses? Does the tax code have a lot of language in parentheses? That struck me as being a little curious, and what, if any, significance do we attribute to that in terms of our statutory analysis? Well, you know, if I could advise Congress on how to write a statute that would be clear... I'm not saying that. I'm just asking you, is this atypical to have a parenthetical phrase talking about jurisdiction? In a similarly worded provision dealing with innocent spouse, 6015 also has parenthetical phrases, and just... Regarding jurisdiction? Regarding jurisdiction. In 6015E1A, which has been recently examined, and we cite in our brief by the Third Circuit in Rubel and by the Second Circuit in Matusik, the appellant was essentially making the same arguments there that they're making here, and there both of those courts of appeals looked at the statute, and it had in both of those cases, the Third Circuit and the Second Circuit concluded that the text was clear, it was explicit, it used the specific word jurisdiction, and the word jurisdiction was in the same sentence with the timeline, and the jurisdiction was in the parenthetical. So both of those courts of appeals looking at what they deemed to be came to that conclusion. The government's of the viewpoint that the statute here is equally clear that the tax court only has jurisdiction if the taxpayer files within 30 days. It just seems to me that E1 is much clearer because it isn't a parenthetical reference to jurisdiction. It says the tax court shall have no jurisdiction to enjoin any action unless a timely appeal has been filed. That's pretty clear. Anyone can understand. But then when you start talking about inserting jurisdiction in a parenthetical phrase, it seems to me it arguably makes things a little murkier. Well, and again, I would finish the sentence you were reading from subsection E where it says the tax court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection D1. And I'm saying that's very clear. But when you start talking about whether a court has jurisdiction and you do it in parentheses as was done in D1, isn't that a lot less straightforward than it is as it appears in E1 where you know exactly what they're trying to say? But it doesn't define timely appeal. E does not define what a timely appeal is. Timely appeal is specifically referenced to D1, which has the 30-day time period. So given that D1 says, and shall have jurisdiction and the 30-day period, they're in the same sentence, they're approximately related. And if you look at the same analysis with a comparable statute, 6213A, again, the shall have jurisdiction and the time, I believe it's three sentences apart. And in that situation, the Seventh Circuit rejected the appellant's arguments that they're making here and said that the statute was clear. The context, the history of every court of appeals to have addressed that matter have held that the provision is jurisdictional. And the Third Circuit and the Second Circuit in Ruble and Matusik looking again at a similarly worded provision in Section 6015 dealing with innocent spouse relief, again, the jurisdictional grant was in a parenthetical. The Third and the Second Circuit, considering the same arguments, believe that they were close enough related and, again, uses clear terms of jurisdiction. There's no guessing about that. And they're in such close proximity, whether or not it's in a parenthetical, I think is really irrelevant to the determination. It's in the same sentence. We don't think that the court really ever needs to get to the equitable tolling doctrine. But just to the extent that the court has any questions on that, I just would like to briefly say that while non-jurisdictional statute of limitations are subject to that rebuttable presumption of equitable tolling, it's exactly that. It is rebuttable. The Supreme Court in Brokamp, looking at a different tax statute for filing refund claims, decided that equitable tolling did not apply to that statute. And the reasons given there by the Supreme Court are equally applicable here. Again, the language is, the government believes, is clear. And it reiterates that statutory time limit both in D1. And then again, it reappears in subsection E. And again, we're dealing with tax collection matters. And it would be really cumbersome and unworkable for the commissioner in every situation to have to go through different fact-specific cases to see where a taxpayer misconstrued or misread or here again. I would suspect it's not in the record. But May has 31 days. So I'm wondering if Ms. Cunningham, if it had 30 days and she timely mailed it, it would have been timely filed. But it's got 31 days. And the day she mailed it just happened to be the 31st day. And as Judge Diaz pointed out, while there may be certain situations where there are untimely petitions in a host of circumstances, petitions for redetermination, innocence, spouse, or whatever else, the vast majority of taxpayers understand that there is a deadline. And there was nothing prohibiting Ms. Cunningham. She could have filed a petition on the 20th day, the 25th day. Again, she was kind of hedging her bet, you know, waiting. So it would have been simple enough not to have any sort of what she claims. Why do you think she was hedging her bet? How do you know that? It seems to me that's kind of an unfair characterization. Well, it may have been an unfair characteristic. But again, it would have been simple enough to pull out a calendar. You don't know what was going on in her mind? No, I don't know what was going on her mind. But I do know that the limit was 30 days. The letter that was sent to her, the notice of determination, was very clear, stating that she had 30 days. It specifically said that the tax court would have no jurisdiction unless a timely petition was filed. That's in the record. That's what goes out to other taxpayers. In some instances, the letters, in other contexts I recall, actually state the date for the filing, the deadline. Why wasn't that done? Well, it's not required to be done. Sometimes in the context, and again, you're getting to 6213A, which again, rejected these arguments, found that it was jurisdictional. In certain instances, the commissioner has been putting a date on those. Here, there's nothing in the statute that requires that. And again, the vast majority of taxpayers, as was pointed out, the numbers were kind of staggering. If only eight taxpayers in the last two years haven't filed a timely petition. But for all you know, every taxpayer who gets this is like, God, I don't know what this means. I have no idea how exactly I count this, so I'm just going to do it tomorrow. Right, but that doesn't mean that this is clear, that this letter is clear to all of those taxpayers. Because I have to say, it wasn't entirely clear to me. Why doesn't the IRS just fix this? We would disagree. Again, the language there tracks the language of Tax Court Rule 25, which there's numerous cases have counted how you count 30 days. Ms. Cunningham's argument to skip the first day and jump to the second day is contrary to the language of the tax court rule. I understand that on the merits, she is not about the best reading of either the rule or the best reading of the rule. But I'm simply saying, given that you are attaching jurisdictional consequences to people getting this thing in on time, why doesn't the IRS just make it clearer, like either put in the actual date or express it a little bit? Well, I would clarify, it's not the commissioner that's requiring it to be timely. It's Congress. Given your position, your litigation position attaches jurisdiction. I'm not saying it is the IRS's view that this is jurisdictional. And in light of that, why not just clarify it? Again, we haven't been required to do so. We, for years, with the 6213, and I also believe it's in the context of the innocent spouse, we don't do that. And if you jump over to district court cases, which I don't want to get too sidelined, but again, a lot of times, if you look at administrative determinations there, they don't give you a set deadline. Here again, the statute is clear. She had 30 days from the date it was mailed. There's no dispute. She concedes her petition was late filed. And the tax court simply did not have jurisdiction and correctly held so. So we would just ask for this court to affirm the decision of the tax court, please. Thank you. Thank you. Rebecca, please. Thank you. I'd like to quickly move through a few points. The first is to clarify our previous discussion about section E, which is that if something is not timely filed, then the court can't do anything. But if you toll it, then the E1 appeal is timely, because it has been deemed timely under that. Now additionally, we've had some conversations about whether tax is special. But several recent cases, including Volpicelli and Mayo Foundation, say that it should not be. Further, my friend has talked extensively about the cases of- Was the focus of those cases on whether the parties were using the term jurisdictional loosely, or whether courts are using the term loosely? Your Honor, the question is about whether courts are using the term loosely. And in Volpicelli and Mayo Foundation specifically, they were just saying that just because it's tax doesn't mean we need to look at it any differently. I'd like to talk quickly about the Rubel and Matusak cases, because they were analyzing the innocent spouse statute, which is section 6015, which specifically includes a jurisdictional clause with an if conjunction. So even though it also uses a parenthetical, it's worded differently from the statute at issue here. It also used proximity as a determinative, which our friends at Justice have done several times while arguing. But the Supreme Court refused to do that in Thaler. Further, 6015 looks different because- Can I just- Absolutely. Just for clarification, sorry, I'm not keeping the cases straight. Did Thaler use the word jurisdiction, the statute in Thaler? Your Honor, I don't believe that that statute used the word jurisdiction. It was proximately located to the word jurisdiction. The Ninth Circuit in Mangum applied that in an FDCPA situation to say that given Thaler and Auburn, that means the word jurisdiction can apply in the same sentence, but be modifying something else. And therefore, that means it doesn't have to be jurisdictional. Like in this circumstance, where the parenthetical does not seem to clearly modify the appositive phrase, rather than them both modifying an earlier part of the sentence. Now, additionally, equitable tolling is appropriate here. Ms. Cunningham, who's actually right behind me, is an intelligent woman. She knows that there are 31 days in May. She could not, however, file on the 20th day because she didn't even receive the letter until the 21st day because it had been sent by certified mail, which is a fact that would be pled if it were returned to the tax court. Additionally, Ms. Cunningham would provide evidence that the IRS does not use this language anywhere else. It does not track the statute here, and so there's no reason that it uses this misleading language. It may have been implemented to try to fix the error where the taxpayer files on the 29th day, thinking it's the 30th day. But that seems like a much less dangerous problem than when the taxpayer thinks it's the 30th day, but it's the 31st. Let me just ask you a question on this equitable tolling thing. The thing that is hard for me is we hear so many cases where the consequences are so severe. People are sitting in prison, and we say their habeas petition has come in a day late because they miscounted, and we say that's not equitable tolling. The fact that you miscounted is not grounds for equitable tolling. Why is this case different? Your Honor, we think that this is different because it's not that Ms. Cunningham read the statute and misunderstood how days are counted. Ms. Cunningham read the letter that the IRS sent her about how days should be counted and presumed that that was the correct way to read the statute. Now, you may ask, well, Ms. Cunningham has a duty to read. Why didn't she then compare the statute to the rule? No, I'm just saying, I'm actually saying something different, although I do think the letter is sort of confusing. She misread it. As it turns out, she read the letter wrong. And usually, we say that is not by itself grounds for equitable tolling. Your Honor, we think that the language of the letter is, even if inadvertently, easily read the way that Ms. Cunningham did read it and is designed to do that. It's a case about injustice perpetuated by bad draftsmanship. And the Supreme Court has said what you need to see to call the statute jurisdictional. So to the extent that equitable tolling is allowed, it seems appropriate to at least consider doing so here. All right. Thank you. Thank you very much. We'll come down and greet counsel, and then we'll take a very brief recess.
judges: Barbara Milano Keenan, Albert Diaz, Pamela A. Harris